SUSANO, J.,
concurring in part and dissenting in part.
While I agree with the majority’s conclusion that the trial court did not err when it refused to order the disqualification of the appellee Davis’ counsel, I cannot concur in the majority’s determination that the facts before us lead inescapably to the conclusion that the plaintiffs reliance on what are arguably fraudulent misrepresentations was not reasonable. I cannot reach this conclusion without weighing the evidence — something we are forbidden to do at this stage of the proceedings.
It goes without saying that financing, i.e., how the plaintiff was going to get paid for the work that ultimately led to a billing in excess of $700,000, was a subject of great interest to the plaintiff. I find facts in the record that indicate the plaintiff proceeded with its work because of, and in reasonable reliance on, the defendants’ as *126 surances that the necessary arrangements for financing had been made.
The question of “reasonable reliance” in this case, as in most misrepresentation cases, is uniquely for the jury under a proper and complete charge from the trial court. Cf. Edmondson v. Coates, C/A No. 01A01-9109-CH-00324, 1992 WL 108717 at *8 (Tenn.Ct.App.M.S., filed May 22, 1992). I would remand this case for a jury trial.
I concur in part and dissent in part.